Julio Mayen
15335 Castle Peak Lane
Jamul, CA 91935
619-669-9887

FILED

MAR 1 1 2014

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ Db _____ DEPUTY

NUNC PRO TUNC

MAR 1 0 2014

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

**JULIO MAYEN**
Plaintiff,

vs.

**BANK OF AMERICA, N.A.,
AND RECONTRUST
COMPANY, N.A.**
Defendants,

Case No. 13-cv-2080-MMA (BGS)

**PLAINTIFF'S CORRECTED
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
PLAINITFF'S NOTICE OF MOTION
AND MOTION FOR
RECONSIDERATION PER FRCP 59(E)
AND LOCAL RULE 7.1i**

**DEMAND FOR JURY TRIAL**

Date:  March 31, 2014
Time: 2:30 p.m.
Place: Courtroom 3A
Hon. Judge: Michael M. Anello

**TO THE HONORABLE COURT OF RECORD, DEFENDANT'S AND THEIR ATTORNEYS OF RECORD:**

1.     Plaintiff, Julio Mayen, (plaintiff), hereby moves this court, under and pursuant to F.R.Civ.P. 59(e) and L.Civ.R. 7.1(i), for reconsideration of the Court's **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Order)** filed on January 7, 2014 (Docket 16), that granted defendants' motions to dismiss with prejudice.

## INTRODUCTORY STATEMENT

### COURT'S ORDER TO DISMISS PLAINTIFF'S CASE FOR FDCPA VIOLATIONS WITH PREJUDICE REFLECTS FUNDAMENTAL MISAPPREHENSION OF CASE

2.     Plaintiff's case is an action brought against Recontrust, Company, N.A., (hereafter: Recontrust) and Bank of America, N.A. (hereafter: BANA) for violations of Fair Debt Collection Practices Act (hereafter: FDCPA or the Act), 95-109; 91 Stat. 874, codified as 15 U.S.C. §1692.

3.     Plaintiff recognizes that there is authority in case law that provides that under **certain** set of facts a person, or a person which may be a Servicer of a mortgage loan can be considered to be exempt for the definition of debt collector as defined by FDCPA 15 USC §1692a, however, in this present case, Defendant: BANA is not exempt by definition under the Act.

4.     Plaintiff further recognizes that there is authority in case law that provides that under **certain** set of facts a person, or a person which may be a Trustee or Substituted Trustee under a Deed of Trust can be considered to be exempt for the definition of debt collector as defined by FDCPA 15 USC §1692a, however, in this present case, Defendant: Recontrust is not exempt by definition under the Act. Here's why: First it must be noted that there is no evidence within the record of this case that either Defendant is "the consumer's creditors", "a mortgage servicing company" or "an assignee of a debt". It is no more than a presumption, without support of any factual evidence for either Defendant to be considered, as a matter of law to be "the consumer's creditors", or "a mortgage servicing company", or "an assignee of a debt". Such fact would have to be determined to be so after an evidentiary hearing, where such evidence must be admitted into evidence according to the Federal Rules of Evidence.

5.     The court in its **Order** (Doc 16 pg 4:11-15) indicated that the Court has determined that Plaintiff's case against the Defendants must be dismissed with prejudice for the reasons, as the Court writes:

> "This Court and others "consistently have found that nonjudicial foreclosure is not debt collection because 'a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, **as long as the debt was not in default at the time it was assigned**.'"

The last phrase in the above quote is critical to this reconsideration as it is key to

Defendants' motion in chief as revealed herein.

6.    On page 5 beginning at line 4 down to line 9 thereafter the **Order** continues, however, with an assertion that reflects a fundamental misapprehension of plaintiff's case regarding status of named defendants'.  The decision states:

> "Neither defendant in this case qualifies as a "debt collector" within the meaning of the FDCPA.  Nor do the nonjudicial foreclosure proceedings against Plaintiff's property fall within the FDCPA's meaning of "debt collection."  Accordingly, Plaintiff cannot state a claim under the FDCPA against Defendants as a matter of law. Plaintiff's FDCPA claims are therefore subject to dismissal with prejudice."

7.    It is claimed by Defendants' counsel Ms. Farrell (Doc 6, Pg 3: 19-23), that located in local county of San Diego public records: Assignment of Deed of Trust (Defendants' RJN Exhibit B, Doc 7-1, Pgs 28-29), that Plaintiff's alleged loan documents are in said trust.

8.    They claim that Beneficiary of said Trust has substituted Recontrust for original Trustee of alleged Deed of Trust (Defendants' RJN Exhibit A, Doc 7-1, Pgs 2-26) and is therefore now substituted trustee under said alleged Deed of Trust. However, located in the Pooling and Servicing Agreement (hereinafter P&SA) and the CWMBS, Inc., – 424B5 –  P&SA Trust Prospectus Supplement (hereinafter 424B5 Prospectus) for such Trust, it is revealed that the Master Servicer under said Trust is: Countrywide Home Loans Servicing, LP, (hereinafter CWHLS, LP).

9.    The Court can see from the Security Exchange Commission (hereinafter SEC) website showing the public records that the named entity that is listed as the Master Servicer under the P&SA associated with Defendants' Exhibit B is CWHLS, LP as of January 30, 2005.  **Exhibit 1 & 2** and judicially notice by Plaintiff, the website links as follows:

> **Exhibit 1**
> *http://edgar.sec.gov/Archives/edgar/data/906410/000095012905000802/v04620e424b5.txt*
> CWMBS, Inc. – 424B5 – P&SA Trust Prospectus Supplement
> (Pages: 1, 7 & 84)
>
> **Exhibit 2**
> *http://www.secinfo.com/drjtj.z2C3.d.htm#3to*
> CWMBS, Inc – 8K For 1-30-2005 EX-99.1
> CHL MORTGAGE PASS-THROUGH TRUST 2005-7
> MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-7
> Pooling and Servicing Agreement
> (pg 6: par 1, pg 11: par 1, pg 43: sentence 3)

Further, the Federal Reserve System's repository of data compiled by its NATIONAL INFORMATION CENTER, (hereafter: NIC) where link repository provides at its website link.  **Exhibit 3** and judicially notice by Plaintiff, the website links as follows:

> *http://www.ffiec.gov/nicpubweb/nicweb/InstitutionHistory.aspx?parID_RSS D=3035311&parDT_END=20110630*

The Federal Reserve Systems NIC site link above shows that the Master Servicer was renamed on April 27, 2009 when the official name of said entity became: BAC

1  Home Loans Servicing, LP.  **The above website is common knowledge of those**

2  **in the industry**.

3

4  10.    Recontrust over three years later caused to be filed for record in the office of

5  the County Recorder's of San Diego County on March 20, 2012 a document titled:

6  **NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF**

7  **TRUST (hereinafter NOD)**. The Court has taken judicial notice of this document

8

9  at the request of Defendants, identified as Defendants' **Exhibit D,** (Doc 7-1, pgs

10

11  33-36).  The foregoing fact is evident because the Court states in its Order (Doc 16

12  pg 3:6-10) filed on January 7, 2014:

13

14           "The **Court has examined each of the exhibits** for which Defendants
15           request judicial notice and finds that each exhibit is suitable for
              judicial notice as a matter of public record whose accuracy is not
16           *reasonably* in question. *See* Fed. R. Evid. 201(b). The Court **takes**
17           **judicial notice of the existence and legal effect of the documents**."

18  In light of the foregoing, please be advised that in Defendants' **Exhibit D** which

19

20  Ms. Farrell identifies as page 33 in her request for Judicial Notice (Doc 7), at the

21  second from the last sentence from the bottom of the second page of four pages of

22

23  **NOD**'s filing the Court can see that such sentence reads:

24           "**That a breach of, and underlined default in, the obligations for which such**
           **Deed of Trust is security has occurred in that payment has not**
25           **been made of: FAILURE TO PAY THE INSTALLMENT OF**
26           **PRINCIPAL AND INTEREST WHICH BECAME DUE ON**
           **03/01/2009 AND ALL SUBSEQUESNT INSTALLMENTS OF**
27           **PRINCIPAL AND INTEREST, TOGETHER WITH ALL LATE**
28           **CHARGES;   PLUS   ADVANCES   MADE   AND   COSTS**

**INCURRED BY THE BENEFICIARY INCLUDING FORECLOSURE FEES AND COSTS AND/OR ATTORNEYS FEES. IN ADDITION, THE ENTIRE PRINCIPAL AMOUNT WILL BECOME DUE ON 01/01/2035 AS A RESULT OF THE MATURITY OF THE OBLIGATION ON THAT DATE."**

11.    Therein said **NOD** [Defendants' **Exhibit D**] instrument recorded of public record for all the world to see, it is claimed by Recontrust that the date of the alleged default (hereafter: **DEFAULT DATE**) for: FAILURE TO PAY under alleged obligation to pay for the benefit of alleged Beneficiary Trust wherein The Bank of New York Mellon is allegedly claimed Trustee under the alleged assignment of Deed of Trust was **March 1, 2009**. It must also be noted that the courts order again reflects a fundamental misapprehension of Plaintiff's case regarding what the Plaintiff actually stated in Plaintiff's pleading versus what the court interpreted in its Order (Doc 16 pg 2: 15-16) which states:

> *"Plaintiff argues that although the documents have been duly recorded, their content and accuracy are subject to dispute."*

Here a review of the Plaintiff's Motion to Strike (Doc # 10) shows the Order's (Doc 16) sentence quoted above is factually incorrect. Plaintiff never argues "…that although documents have been duly recorded, their content and accuracy are subject to dispute." The truth is the opposite; Plaintiff asserts that Defendants' Judicially Noticed documents Exhibit A, B, C, D and E are **not** duly recorded.

12.   On the alleged **DEFAULT DATE**, March 1, 2009, said Trust's named Master Servicer was CWHLS, LP, at least we have no evidence that the Master Servicer was changed prior to or on the date of alleged Default naming Defendant BANA or for that matter anyone else Master Servicer or Loan Servicer. If such is the case, then how can the court do so?  Further on June 13, 2011 over two years after the  March 1, 2009 alleged default had occurred, an **Assignment of Deed of Trust**  [Defendants' **Exhibit B**] (Doc 7-1 pg 28) of Defendants' Request of Judicial Notice (**DRJN**) (Doc 7) was recorded in the office of the County Recorder of San Diego County assigning **The Bank of New York Mellon (alleging to be) FKA THE BANK OF NEW YORK , AS TRUSTEE OF THE CERTIFICATE HOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2005-7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-7** all beneficial interest in that certain alleged deed of trust.

13.   Bearing in mind the foregoing, it is clear that the State of New York trust laws and the governing P&SA typically prohibits a trust from purchasing an asset currently in default.  In this case for over two (2) years after the alleged default and almost (6-1/2) years after the closing and cutoff date for such an assignment as established by the P&SA of said trust!   A legal impossibility that renders the Assignment of Deed of Trust **Ineffective** and **Void** in this case.  *See Glaski v Bank of America, N.A. Cal. Ct App 5th Dist.*  Particularly so given the further fact that

said trust had three (3) years prior to said alleged default executed a Form 15D with the Security Exchange Commission on January 20, 2006 which is a certification of termination of registration with the SEC.  See copy of Form 15D attached herein as Plaintiff's **Exhibit 4** and judicially noticed by Plaintiff, the website links follows:

*http://edgar.sec.gov/Archives/edgar/data/1316264/000090514806000*

*565/efc6-0074_5816196form1515d.txt*

14.    Furthermore **over three years** passed after said March 1, 2009 alleged default had occurred, then on March 20, 2012, enters named defendant Recontrust into this picture by way of a recorded **Substitution of Trustee** instrument identified as recording Doc. # 2012-0159978 naming Recontrust as the new trustee identified in **DRJN** (Doc 7) as Defendants' **Exhibit C** (Doc 7-1, pg 31) upon which this honorable court has previously taken judicial notice of.  To do so three years after said ALLEGED DEFAULT DATE has been set, the only thing all these Johnny comes lately can ever hope to be by statutory definition are **DEBT COLLECTORS** surreptitiously posing as creditor, lender, loan servicer, etc., in violation of Title 15 U.S.C. 1692 (e), (11), (14). To be honest it does appear that a litany of robo-signed documents are being employed by Ms. Farrell who obviously has done no vetting of the veracity of any of her documents filed in support of her motion which is indicative of a lack of good faith and further points to her apparent

premeditated violation of FRCP Rules 11, 65(h), Title 15 U.S.C. 45 et seq., Title 18 U.S.C. 1341, 1346 as well as California Business & Profession Code 6068(d), Penal Code 134, ethical duties of attorney among other high crimes and misdemeanors to be more fully detailed herein.

15.    Given the fact that the court has taken judicial notice of the foregoing exhibits filed of record by Ms. Farrell, it is clear that the court has further not really paid attention to the actual content of what was contained on the face of each judicially noticed document for if the court had, it could not in all good conscience have granted Defendants' motion to dismiss in general and certainly not have granted said dismissal with prejudice, for to do so would constitute an egregious miscarriage of justice by willful violation of well settled law. ***Wise v. Wells Fargo Bank, N.A.***, 850 F.Supp.2d 1047, 1053 (C.D. Cal. 2012)

16.    Accordingly, therefore, the **Order** (Doc 16, pg 5: 7-9) does not show how the conclusion —

> *"Accordingly, Plaintiff cannot state a claim under the FDCPA against Defendants' as a matter of law. Plaintiff's FDCPA claims are therefore subject to dismissal with prejudice"*

— could possibly have been reached absent a complete dereliction of duty on part of the court to properly vet the records and documents entered into the case that were relied upon for its order in spite of its written claim, (Doc 16, pg 3: 6-8):

> *"The **Court has examined each of the exhibits** for which Defendants' request judicial notice and finds that each exhibit is suitable for*

> *judicial notice as a matter of public record whose accuracy is not reasonably in question."*

There can be no other reason or basis as the court's own standard,

(Doc 16, pg 4: 12-14):

> *"a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, **as long as the debt was not in default at the time it was assigned**"*

is a standard that is binding upon this honorable court. ***Wise v. Wells Fargo Bank, N.A.***, 850 F.Supp.2d 1047, 1053 (C.D. Cal. 2012)

17.    In good faith Plaintiff is persuaded to believe that Plaintiff has met the burden to establish that the court's own standard herein cited has been met proving that Defendant BANA is a debt collector and became the purported loan servicer, after the March 1, 2009 alleged default, **if it ever** became a loan servicer which Plaintiff seriously doubts based upon its own letters mailed to Plaintiff infra.

18.    What is patently obvious is that a candid world making an inquiry reasonable under the circumstances of the foregoing law, facts and evidence would conclude the same as Plaintiff has.  In fact, Defendants' own **Exhibit E (Doc 7.1, pgs 38-39)** and Defendant BANA's (6) six letters to Plaintiff identified herein as Plaintiff's **Exhibits 5-10** impeach both Defendants' counsel's alleged claims and the courts findings of fact and conclusions of law in its order dismissing Plaintiff's complaint with prejudice as a matter of law.  As such, it is now the sworn duty of this court to declare that the foregoing is true, correct and just and that such is the

1   case for this instant action.

2

3   **PLAINTIFF NOW ADDRESSES MS. FARRELL'S MOTION TO DISMISS**

4   **AND HER INTENT BEHIND DRAFTING SUCH:**

5   19.   Defendants' MOTION TO DISMISS (Doc 6) shows that it is signed by

6   attorney: Elizabeth C. Farrell, SBN 280056 on October 28, 2013. By signing said

7   motion to dismiss, Ms. Farrell is subject to Federal Rules of Civil Procedure Rule

8

9   11, where Ms. Farrell is deemed to have certified to her pleading.

10

11   20.   Rule 11 requires among other things, that Ms, Ferrell by presenting to the

12   Court her pleadings: Motion to Dismiss that to the best of her knowledge,

13   information, and belief, formed after an inquiry reasonable under the

14

15   circumstances (here quoting from the Federal Rule):

16

17   **(1) it is not being presented for any improper purpose, such as to**
   **harass, cause unnecessary delay, or needlessly increase the cost of**
18   **litigation;**
   **(2) the claims, defenses, and other legal contentions are warranted**
19   **by existing law or by a nonfrivolous argument for extending,**
   **modifying, or reversing existing law or for establishing new law;**
20   **(3) the factual contentions have evidentiary support or, if**
   **specifically so identified, will likely have evidentiary support after**
21   **a reasonable opportunity for further investigation or discovery;**
22   **and**
   **(4) the denials of factual contentions are warranted on the**
23   **evidence or, if specifically so identified, are reasonably based on**
24   **belief or a lack of information.**

25

26   21.   At Page 3 of said Motion's Memorandum of Points and Authorities at line

27

28   10, Ms. Farrell writes the following:

> *"As shown in detail below, Defendants' request for dismissal of each Complaint claim alleged is warranted, since all of the claims fail to state a plausible claim for relief."*

Based upon what Ms. Farrell has written in her Motion to Dismiss Plaintiff believes that the above statement cannot be fully true or is at least not warranted to the extent that her Motion to Dismiss merits a ruling from the court that Plaintiff's Complaint be dismissed with prejudice. Plaintiff believes that Ms. Farrell is in violation of Rule 11 because she writes the following (Doc 6 pg 8:2-5):

> *"Nor does he allege that Defendants used unfair or unconscionable means to collect a debt. Instead, the gravamen of this claim is that Defendants have not proven the Plaintiff owes a debt and threatened "non-judicial [foreclosure] action"*

This statement of Ms. Farrell is untrue. The Truth is that Plaintiff has alleged that Defendants have used unfair and unconscionable means to collect a debt, for example see: Plaintiffs Complaint pg 12:24-28 thru pg 13:1. Where Plaintiff states:

> *"Plaintiff hereby complains and alleges that the Defendants did violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(e)(2), 15 U.S.C. § 1692(e)(5), 15 U.S.C. § 1692(e)(10), 15 U.S.C. § 1692(f)(6) by providing false and misleading information by mailing a demand letters to the Plaintiff which asked for a lump sum of money."*

Here Plaintiff refers to debt collector demand letters which were received through use of the mails. (See Plaintiff's **Exhibits 5-10**).

22.  Plaintiff's Complaint alleges 7 additional violations by Defendants on page 13:2-27.  Plaintiff's Complaint pg 14:4 alleges that Defendants have violated 15

U.S.C. § 1692(g) by failing to follow up after their first contact they made to Plaintiff within the required time as is required by that section. In fact Defendants never have sent the required 15 U.S.C. § 1692(g) validation letter to Plaintiff, nor have they responded to Plaintiff's notice that he denies any debt that they claim he owes.

23.   Defendants' Motion to Dismiss (Doc 6 pg 8:21-22) Ms. Farrell states:

> *"And Plaintiff fails to prove that Defendants are 'debt collectors.' For these reasons, Defendants' motion to dismiss should be granted."*

Plaintiff was under the impression that the time to prove that Defendants are indeed "debt collectors" as that term is defined by 15 U.S.C. § 1692 was not in Plaintiff's Complaint per 15 U.S.C. § 1692et seq., but at a later part of the actions process.

24.   Plaintiff believes that with the information that he now has recently acquired from the official public records of the Federal Reserve System's NIC and from the SEC he will be able to obtain certified copies of same from these agencies that will be admissible by the Court that will indeed prove that BANA could not have been a servicer of the Trust which they all claim is the Trust which holds the alleged Note and alleged Deed of Trust and is the alleged Beneficiary of their alleged claim.

25.   But, the Defendants have always known that they are debt collectors under the Act's definition of that term and that they are indeed subject to the Act in this

matter.  No greater proof is needed than Defendant Recontrust's own **Exhibit E**

**(Doc 7.1, pgs 38-39)** which clearly states:

> ***"RECONTRUST COMPANY, N.A. is a debt collector** attempting to collect a debt.  Any information obtained will be used for that purpose."*

and the six (6) letters mailed to Plaintiff through the U.S. Mail Service by said

Defendant BANA which open and notoriously state the following on each letter:

> *"This communication is from Bank of America, N.A., the servicer of your home loan. Bank of America, NA is **required by law to inform you that this communication is from a debt collector"***

A copy of each letter is attached herein as **Exhibits 5-10** for the court's

consideration.

26.   In light of the foregoing, was it not the mandated duty of Ms. Farrell to

know that her alleged clients, Defendants: BANA and Recontrust are debt

collectors under the Act?  If not, then why not?  Plaintiff is persuaded to believe

that Ms. Farrell in point of fact did know this.  No doubt this is why she has

worked so hard to take all eyes off the fact that Plaintiff's Complaint is about

FDCPA violations and not about a discontented or disillusioned debtor of some

sort of alleged loan and/ or that Plaintiff is just trying to use this FDCPA

Complaint to stall a foreclosure.

27.   There is no foreclosure. The public policy does not and cannot recognize

that any foreclosure has been initiated by the Defendants and Ms. Farrell should

stop trying to edit and reframe and thereby misrepresent Plaintiff's Complaint to her own ends and for her own and the Defendants' benefit. Title 12 CFR 226.39 agrees with Plaintiff regarding a loan servicer has no power to initiate a foreclosure.

28.    Ms. Farrell in her motion (Doc 6) continues to resort to her favorite ploy, that is her obsession with some non-existent foreclosure. (Doc 6 pg 8:8-9)

> *"Second, this claim fails to the extent it relates to the foreclosure because FDCPA does not apply to foreclosure activity."*

Plaintiff again answers Ms. Farrell's above statement by saying that there is no extent that Plaintiff's claim relates to "any foreclosure."

29.    Further, Defendants' request for dismissal of said Complaint does not seek that such dismissal be granted with prejudice. Plaintiff is shocked by the Court's decision which not only shuts off any opportunity to amend any insufficiency in Plaintiff's Complaint but which dismisses his Complaint out of hand without leave to amend, ie., where Plaintiff's Complaint has been dismissed with prejudice by the Court. *Haines v. Kerner*, 404 U.S. 519 (1972)

30.    In the interest of justice, Plaintiff motions this Court to reconsider its Order to Dismiss Plaintiff's Complaint with prejudice, and that the Court instead order that Plaintiff be given the opportunity to either amend his Complaint where it may be insufficient, or, allow Plaintiff to file a different more sufficient Complaint

against Defendants' for violations of FAIR DEBT COLLECTION PRACTICES ACT against Defendants: Recontrust Company, N.A., and BANA, in the future.

31.   Plaintiff believes that the Court in its decision to dismiss Plaintiff's Complaint with prejudice has been influenced by certain allegations made by attorney for Defendants: Ms. Farrell in her Motion to Dismiss and its Memorandum of Points and Authorities (Doc 6).

32.   Plaintiff believes that some of the writings that Ms. Farrell has made in her Motion to Dismiss (Doc 6) Plaintiff's Complaint and its Memorandum of Points and Authorities are false and/ or cause the reader to believe that the debt collection activities in which Defendants have engaged are exempt from falling under the FDCPA.   Plaintiff is persuaded to believe based upon Plaintiff's personal knowledge and belief as Plaintiff was prior informed and is now further informed, that Ms. Farrell's Motion to Dismiss does not warrant a decision from the Court that Plaintiff's Complaint be dismissed, especially not with prejudice.

33.   The Court in its order to dismiss Plaintiff's Complaint with prejudice states on page 1 of such order at line 22 the following:

> Plaintiff disputes Defendants' authority to initiate and pursue foreclosure proceedings against the subject property.

There is nowhere in Plaintiff's complaint where it states that Plaintiff disputes Defendants' authority to initiate and pursue foreclosure proceedings, and one wonders how the Court would come to believe the Plaintiff has so disputed.  Could

it be that the Court has been influenced by what is cast by Ms. Farrell in her motion's writings (Doc 6 pg 6:18-21) where Ms. Farrell states:

> "Reading the Complaint as a whole, it appears this cause of action of action relates to the foreclosure proceedings initiated against the Property and Plaintiff's conclusion that Defendants have no authority to foreclose.

34.    It may seem Plaintiff is picking on Ms. Farrell in excess, but the problem lies as much with her as with her alleged clients, Defendants BANA and its cohorts Recontrust who are in fact debt collectors under the FDCPA and therefore subject thereto and as debt collectors have employed means, methods, practices and tactics which are indeed considered unfair pursuant to said Act as well as Title 15 U.S.C. 45 which Congress declares at (a) (1): **unfair or deceptive acts or practices in or affecting commerce, <u>are hereby declared unlawful</u>**.

35.    In order to get the heat off of her clients Ms. Farrell would need to get the Court to believe that there has been a foreclosure initiated as a matter of law and at the same time get the court to believe that BANA purporting to be a loan servicer is excluded from the Act.  Ms. Farrell would need to cause the Court to believe that the Defendants were engaged in foreclosure activities. She would need to cause the court to believe wrongly that the Defendants were not debt collectors under the Act, even that both she and her Defendants have known all along that they could not have acquired any interest that they may actually have, **<u>until years after</u>** the alleged DEFAULT DATE, because the Master Servicer was from the beginning of

the REMIC TRUST, and during time of filing of Form 15D, through years beyond said alleged DEFAULT DATE, was CWHLS, LP., not BANA, Recontrust or any other entity.

Ms. Farrell attempts her coup de gras where she writes (Doc 6 pg 6:25-26):

> "A threshold Plaintiff cannot overcome is that the FDCPA does not apply to foreclosure activities."

36.    Here, Ms. Farrell advocates from her false premise, that there is a threshold that Plaintiff just can't overcome. If we were stuck with false facts as Ms. Farrell and her Defendants would no doubt desire, it would possibly be true that there could be such a threshold but such is not the case.  This is purely evil for her to do such a thing!

37.    The facts truly are that BANA, is a debt collector under the Act because it was not a Servicer under the REMIC TRUST leading up to the time of the alleged debt default on March 1, 2009 and if it ever did obtain contractual rights to be the Master Servicer of that P&SA, it could not have done so for years after the alleged debt default of March 1, 2009.   In fact as pointed out before the Form 15D terminated said REMIC business activity with the SEC for all intents and purposes. Now that seems like a threshold Defendants cannot overcome.  It may be a big problem.

38.    Under the foregoing circumstances it might seem of great interest to find a way to suppress a Complaint such as the one in the instant case. Plaintiff may be a

novice to the courts and its legal system and maybe untrained in such ways.  As such, Plaintiff realized that there may be many needed improvements to Plaintiff's Complaint.  But Plaintiff is capable of learning how to do what needs to be done in order to produce a proper pleading.  Furthermore, Plaintiff knows the difference between a lie and the truth, or is the proper term misrepresentation?

### FORMAL NOTICE AND COMPLAINT OF PROFESSIONAL MISCONDUCT AND UNFAIR BUSINESS PRACTICE AND TACTICS EMPLOYED BY Ms. ELIZABETH C. FARRELL, SBN 280056 IN VIOLATION OF FRCP-RULES 11 AND 56(h)

39.    Plaintiff is disappointed to see that a promising young attorney with so much apparent potential would resort to such *"dolus malus"* tactics to obtain a favorable outcome for her and the Defendants.  For Plaintiff in good faith emailed and later mailed a hard copy of the attached letter [Plaintiff's **Exhibit 11**] with Plaintiff's **Exhibits 5-10** to Ms. Farrell in order to provide Ms. Farrell with the time and opportunity to correct the record if you will regarding her claims and assertions presented to the court under the mandate of FRCP Rule 11 in light of Rule 56(h) and thereby move the court to vacate said **Order**.  I am sad to report that I neither received any written, oral or other communications from Ms. Farrell which necessitated the filing of the instant pleadings in this court.

40.    It had been hoped by Plaintiff to resolve the glaring issues of law that were being abused and outright violated prior to controversy which Plaintiff had hoped

were an oversight, mistake or without full knowledge.  But time and experience has taught Plaintiff that if someone is intent on wrongdoing no matter how many opportunities or changes to make amends are afforded, a corrupt mind is simply not interested and will attempt to pull off the plot regardless of being exposed of the same.

41.   As such, Plaintiff hereby makes formal notice to the court of what can only be described as criminal conduct and moral turpitude demonstrated in the paperwork, attitude, posture and behavior of one opposing counsel Ms. Elizabeth C. Farrell, SBN 280056.  The foregoing is condemned by her own RULES OF PROFESSIONAL CONDUCT:

> **Rule 3-200 Prohibited Objectives of Employment**
> **A member shall not** seek, accept, or continue employment if the member knows or should know that the objective of such employment is:
> (A) **To** bring an action, **conduct a defense**, **assert a position in litigation**, or take an appeal, **without probable cause and for the purpose of harassing or maliciously injuring any person**; or
> (B) **To present a** claim or **defense in litigation that is not warranted under existing law**, unless it can be supported by a good faith argument for an extension, modification, or reversal of such existing law.

42.   In light of the foregoing, I am prepared at this time to make formal request to the ethics committee of the California State Bar to complain of the unfair business practices and tactics employed by Ms. Farrell which has resulted in multiple felony violations, ethical violations, fraud on the court, mail fraud, denial

of intangible right to honest services all of which has resulted in the premeditated denial of one's right to inherent due process of law that may have been aided and abetted by the court given the past history of Ms. Farrell who's own resume as touted on the web page of the company that she is associated with that in point of fact Ms. Farrell was an "extern" of the Honorable Michael M. Anello, U.S. District Court for the Southern District of California. **(Exhibit 12)**

43.    Now **if** the foregoing facts are true, then according to Judicial Canons of Ethics any judge that may have a conflict of interest is required to disclose such conflict.

CANON 2: A JUDGE SHOULD AVOID IMPROPRIETY AND THE

APPEARANCE OF IMPROPRIETY IN ALL ACTIVITIES

(A)    Respect for Law. A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

COMMENTARY

Canon 2A. **An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired**. Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges. A judge must avoid all impropriety and appearance of impropriety. This prohibition applies to both professional and personal conduct. A judge must expect to be the subject of constant public scrutiny and accept freely and willingly restrictions that might be viewed as burdensome by the ordinary citizen. Because it is not practicable to list all prohibited acts, the prohibition is necessarily cast in general terms that extend to conduct by judges that is harmful although not specifically

mentioned in the Code. Actual improprieties under this standard include violations of law, court rules, or other specific provisions of this Code.

Further,

CANON 3: A JUDGE SHOULD PERFORM THE DUTIES OF THE OFFICE FAIRLY, IMPARTIALLY AND DILIGENTLY

The duties of judicial office take precedence over all other activities. In performing the duties prescribed by law, the judge should adhere to the following standards:

(A) Adjudicative Responsibilities.

(1) A judge should be faithful to, and maintain professional competence in, the law and **should not be swayed by partisan interests**, public clamor, or fear of criticism.

(C) *Disqualification.*

(1) **A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned**, including but not limited to instances in which:

1. (a)**the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding**;

2. (b)the judge served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge or lawyer has been a material witness;

3. (c)the judge knows that the judge, individually or as a fiduciary, or the judge's spouse or minor child residing in the judge's household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be affected substantially by the outcome of the proceeding;

4. (d)the judge or the judge's spouse, or a person related to either within the third degree of relationship, or the spouse of such a person is:

    1. (i) a party to the proceeding, or an officer, director, or trustee of a party;

    2. (ii) acting as a lawyer in the proceeding;

    3. (iii) known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; or

    4. (iv) to the judge's knowledge likely to be a material witness in the proceeding;

5. (e) the judge has served in governmental employment and in that capacity participated as a judge (in a previous judicial position), counsel, advisor, or material witness concerning the proceeding or has expressed an opinion concerning the merits of the particular case in controversy.

2. (2) A judge should keep informed about the judge's personal and fiduciary financial interests and make a reasonable effort to keep informed about the personal financial interests of the judge's spouse and minor children residing in the judge's household.

44.    Now, **if** said judge is conflicted with any of the above issues of the Canons, he knew or should have known to step down off the case.  Clearly something is amiss given his severe ruling **[Order]** that is not supported by the law, facts, evidence submitted by Ms. Farrell [Defendant's **Exhibit E, (Doc 7.1, pgs 38-39)**] and BANA [Plaintiff's **Exhibits 5-10**] or even the request for relief from opposing counsel.   Clearly there appears to be a bias in his heart and under such circumstances he should in all good conscience have recused himself as a matter of law.

45.    Further it is hoped that with the newly obtained access to official public records of the Federal Reserve and of the SEC, the court will reconsider and allow Plaintiff's case to proceed or at the very least dismiss the case without prejudice.

46.    Plaintiff request that the honorable court consider the substance of Plaintiff's motion over the incompetent form of same per **_Haines v. Kerner_** 404 U.S. 519, which states that courts must not hold pro se litigants to the same standards as a lawyer of the bar regarding procedure, etc.  Plaintiff further reserves the right to amend this motion.

## CONCLUSION

**Notice of Default and Election to Sell Under Deed of Trust states that the date when payment was due under the alleged Deed of Trust was 03/01/2009. There is no evidence that on that date any other than** CWHLS, LP, later named: BAC Home Loans Servicing LP was Master Servicer of said P&SA which is the creating document of the Trust for which The Bank of New York Mellon FKA Bank of New York as alleged Trustee of said trust.  For that reason, if BANA had or has any interest in the collection of any alleged debt in connection to any obligation which is secured by alleged subject Deed of Trust such interest is not and cannot be a Servicer of said alleged Obligation and alleged Deed of Trust. BANA, could only be engaged in the role of a debt collector as that term is

provided in **Title 15 U.S.C.1692(h)(6) and as reflected in its own letters mailed to Plaintiff supra.**

CWHLS, LP, later named: BAC Home Loans Servicing LP was the Master Servicer at the time at which the alleged Default occurred according to the records found in the public records which have been granted judicial notice of this Honorable Court and no other name has been judicially noticed by this honorable court as Master Servicer or even loan servicer.

As such, Plaintiff request that this honorable court does the right thing and set aside its Order to Dismiss Complaint with prejudice that Plaintiff may pursue Plaintiff's inherent right to the due processes of the law of American Jurisprudence.

Date: February 4, 2014                                   Respectfully Submitted,

Julio Mayen