1  Julio Mayen
2  15335 Castle Peak Lane
   Jamul, CA 91935
3  619-669-9887
4
5
6
7
8              UNITED STATES DISTRICT COURT
9
               SOUTHERN DISTRICT OF CALIFORNIA
10
11
12 JULIO MAYEN                    Case no. 13-cv-2080-MMA-BGS
13         Plaintiff,
14                                **PLAINTIFF'S CORRECTED**
15 vs.                            **REQUEST FOR JUDICIAL NOTICE**
                                  **IN SUPPORT OF PLAINTIFF'S**
16                                **NOTICE OF MOTION AND**
17                                **MOTION FOR**
18 BANK OF AMERICA, N.A., and     **RECONSIDERATION**
   RECONTRUST COMPANY, N.A.
19
20                                **JURY TRIAL DEMANDED**
         Defendants,
21
22
23
24
25 **PLAINTIFF'S CORRECTED REQUEST FOR JUDICIAL NOTICE IN**
26 **SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR**
27
               **RECONSIDERATION**
28

Pursuant to Federal Rule of Evidence 201 of the Federal Rules of Evidence, Plaintiff Julio Mayen request that the Court take judicial notice of the following facts and evidence.

1.  Under Rule 201, facts that are appropriate for judicial notice are those that "are not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Facts subject to judicial notice may be considered on motion to reconsider. A court shall take judicial notice if requested by a party and supplied with the "necessary information." FRE 201(c).

Judicial Notice is appropriate for information obtained from governmental websites. See *Cota v. Maxwell-Jolly*, 688 F. Supp. 2d 980, 998 (N.D. Cal. 2010), Paralyzed Veterans of Am. v. McPherson, 2008 U.S. Dist. LEXIS 69542, 17-18 (court took judicial notice if information appearing on and printed from official government website.

2.  As set forth herein, the following documents requested to be judicially noticed are not subject to reasonable dispute, in that they are "capable of accurate and ready determination by resort to capable sources whose accuracy cannot be

reasonably questioned, within the meaning of Fed. R. Evid. 201(b), *see Wietschner v. Monterey Pasta Co., 294 F. Supp. 2d 1102, 1108 (N.D. Cal 2003)*(taking judicial notice of a press release issued by the Securities and Exchange Commission). "judicial notice is appropriate for SEC filings, press releases ,and accounting rules as they are 'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.'" *In re Network Assocs. Sec. Litig.,2003 U.S. Dist. LEXIS 14442, *2 n.3 (N.D. Cal. Mar. 25, 2003) (citing Fed. R. Evid. 201(b)).* These documents are matters of public record and therefore are judicially noticeable.

namely:

**a.** The records of the Security Exchange Commissions official internet website search engine commonly known as "EDGAR" located at:

*http://edgar.sec.gov/search/search.htm* in general and more specifically for the instant consideration:

Exhibit 1:

A true and correct copy printed directly from the SEC website of the CWMBS, Inc – 424B5 Trust Prospectus Supplement of the

CHL MORTGAGE PASS-THROUGH TRUST 2005-7

MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-7

*http://edgar.sec.gov/Archives/edgar/data/906410/000095012905000802/v04620e424b5.txt* - "Servicing of Mortgage Loans" (Pages 1, 7 and 84)

The very same trust as identified in Defendant's Exhibit B (Doc 7-1, pgs 28-29) identified as **ASSIGNMENT OF DEED OF TRUST** executed 6/6/2011 and recorded on June 13, 2011 in said public repository, the Office of the San Diego County Recorder identified by DOC # 2011-0300032.

Exhibit 2:

A true and correct copy printed directly from the SEC website of the CWMBS, Inc – 8K For 1-30-2005 EX-99.1 – Pooling and Servicing Agreement for the CHL MORTGAGE PASS-THROUGH TRUST 2005-07, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-07

*http://www.secinfo.com/drjtj.z2C3.d.htm#3to*
(pg 6: par 1, pg 11: par 1, pg 43: sentence 3)

Exhibit 4

A true and correct copy printed directly from the SEC website of the CWMBS, Inc - Form 15D - SEC Termination of Registration

*http://edgar.sec.gov/Archives/edgar/data/1316264/000090514806000565/efc6-0074_5816196form1515d.txt*

Through this link one can locate the Form 15D reflected in Plaintiff's Motion for Reconsideration as Exhibit 4. The Court can further see from the SEC site above showing the public records in the 424B5 prospectus Exhibit

1 and in the Pooling and Servicing Agreement Exhibit 2 that the named entity that is Master Servicer under the P&SA associated with Defendant's Exhibit B (Doc 7-1, pgs 28-29) is Countrywide Home Loans Servicing, LP as of January 30, 2005.

b. The records of FEDERAL RESERVE SYSTEM'S repository of data compiled by its NATIONAL INFORMATION CENTER, (hereafter: NIC) where link repository provides at its live link:

Exhibit 3

A true and correct copy printed directly from the Federal Reserve Board-NIC website of the BAC Home Loans Servicing, LP - Institution History *http://www.ffiec.gov/nicpubweb/nicweb/InstitutionHistory.aspx?parID_R SSD=3035311&parDT_END=20110630*

The Federal Reserve Systems NIC site link above shows that the Master Servicer was renamed on April 27, 2009 when the official name of said entity became: BAC Home Loans Servicing, LP. **The above website is common knowledge of those in the industry.** Below is a copy from the website confirming the above statement.

| Event Date | Historical Event |
|---|---|
| 2001-05-18 | COUNTRYWIDE HOME LOANS SERVICING LP located at PLANO, TX was established as a Domestic Entity Other. |
| 2009-04-27 | COUNTRYWIDE HOME LOANS SERVICING LP was **renamed** to BAC HOME LOANS SERVICING, LP. |
| 2011-07-01 | BAC HOME LOANS SERVICING, LP was **acquired** by BANK OF AMERICA, NATIONAL ASSOCIATION. |

Date: March 10, 2014

_Julio Mayen, Plaintiff_