Julio Mayen
15335 Castle Peak Lane
Jamul, CA 91935
619-669-9887

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JULIO MAYEN**<br>Plaintiff,<br><br>vs.<br><br>**BANK OF AMERICA, N.A., AND RECONTRUST COMPANY, N.A.**<br>Defendants, | Case No. 13-cv-2080-MMA (BGS)<br><br>**PLAINTIFF'S NOTICE OF FILING OF CORRECTED PLEADINGS AND NOTICE OF ERRATA REGARDING ITS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINITFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION PER FRCP 59(E) AND LOCAL RULE 7.1i**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Date: March 31, 2014<br>Time: 2:30 p.m.<br>Place: Courtroom 3A<br>Hon. Judge: Michael M. Anello |

## TO THE HONORABLE COURT OF RECORD, DEFENDANT'S AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE Plaintiff hereby corrects Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Notice of Motion and Motion for Reconsideration per FRCP 59(E) AND LOCAL RULE 7.1i. The corrected Motion for Reconsideration corrects the following errors and is filed concurrently herewith and served on the parties by and through their counsel of record.

The following errors were corrected:

1. At page 3, line 19, the paragraph number (5) is assigned:

2. At page 3, line 19-25, the text is changed to state:

> 5. The court in its **Order** (Doc 16 pg 4:11-15) indicated that the Court has determined that Plaintiff's case against the Defendants must be dismissed with prejudice for the reasons, as the Court writes:
>
> "This Court and others "consistently have found that nonjudicial foreclosure is not debt collection because 'a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, <u>**as long as the debt was not in default at the time it was assigned.**</u>"

3. At page 4, line 1, the paragraph number is changed to (6)

4. At page 4, line 11, the paragraph number is changed to (7)

5. At page 4, line 15, the paragraph number is changed to (8)

6. At page 4, line 15-22, the text is changed to state:

> They claim that Beneficiary of said Trust has substituted Recontrust for original Trustee of alleged Deed of Trust (Defendants' RJN Exhibit A, Doc 7-1, Pgs 2-26) and is therefore now substituted trustee under said alleged Deed of

        Trust. However, located in the Pooling and Servicing Agreement (hereinafter P&SA) and the CWMBS, Inc., – 424B5 – P&SA Trust Prospectus Supplement (hereinafter 424B5 Prospectus) for such Trust, it is revealed that the Master Servicer under said Trust is: Countrywide Home Loans Servicing, LP, (hereinafter CWHLS, LP).

7. At page 4, line 23, the paragraph number is changed to (9)

8. At page 5, line 1-9, the text is changed to state:

        of January 30, 2005. **Exhibit 1 & 2** and judicially notice by Plaintiff, the website links as follows:
**Exhibit 1**
*http://edgar.sec.gov/Archives/edgar/data/906410/00009501 2905000802/v04620e424b5.txt*
CWMBS, Inc. – 424B5 – PS&A Trust Prospectus Supplement
(Pages: 1, 7 & 84)

**Exhibit 2**
*http://www.secinfo.com/drjtj.z2C3.d.htm#3to*
CWMBS, Inc – 8K For 1-30-2005 EX-99.1
CHL MORTGAGE PASS-THROUGH TRUST 2005-7
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-7
Pooling and Servicing Agreement
(pg 6: par 1, pg 11: par 1, pg 43: sentence 3)

        Further, the Federal Reserve System's repository of data compiled by its NATIONAL INFORMATION CENTER, (hereafter: NIC) where link repository provides at its website link. **Exhibit 3** and judicially notice by Plaintiff, the website links as follows:

9. At page 5, line 19, the paragraph number is changed to (10)

10. At page 5, line 19, the text is changed to state:

        Recontrust over three years later caused to be filed for record in the office of

11. At page 5, line 24-28, the text is changed to state:

        at the request of Defendants, identified as Defendants' **Exhibit D,** (Doc 7-1, pgs 33-36). The foregoing fact is evident because the Court states in its Order (Doc 16 pg 3:6-10) filed on January 7, 2014:

12. At page 6, line 20, the paragraph number is changed to (11)

13. At page 6, lines 20-28, the text is changed to state:

        Therein said **NOD** [Defendants' **Exhibit D**] instrument recorded of public record for all the world to see, it is claimed by Recontrust that the date of the alleged default (hereafter: **DEFAULT DATE**) for: FAILURE TO PAY under alleged obligation to pay for the benefit of alleged Beneficiary Trust wherein The Bank of New York Mellon is allegedly claimed Trustee under the alleged assignment of Deed of Trust was **March 1, 2009**. It must also be noted that the courts order again reflects a fundamental misapprehension of Plaintiff's case regarding what the Plaintiff actually stated in Plaintiff's pleading versus what the court interpreted in its Order (Doc 16 pg 2: 15-16) which states:

        "Plaintiff argues that although the documents have been duly recorded, their content and accuracy are subject to dispute."

        Here a review of the Plaintiff's Motion to Strike (Doc # 10) shows the Order's (Doc 16) sentence quoted above is factually incorrect. Plaintiff never argues "…that although documents have been duly recorded, their content and accuracy are subject to dispute." The truth is the opposite; Plaintiff asserts that Defendants' Judicially Noticed documents Exhibit A, B, C, D and E are **not** duly recorded.

14. At page 7, line 1, the paragraph number is changed to (12)

15. At page 7, line 2, the word "Trust's" is deleted

16. At page 7, line 4, the text is changed to state:

    Master Servicer was changed prior to or on the date of alleged Default naming Defendant

17. At page 7, line 9, the text is changed to state:

    **Trust** [Defendants' **Exhibit B**] (Doc 7-1 pg 28) of Defendants' Request of

18. At page 7, line 19, the paragraph number changed to (13)

19. At page 7, line 22, the text is changed to state:

    currently in default. In this case for over two (2) years after the alleged default and almost (6-1/2) years after the closing and cutoff date for such an assignment as established by the PS&A of said trust! A legal impossibility that renders the Assignment of Deed of Trust Ineffective and Void in this case. *See Glaski v Bank of America, N.A. Cal. Ct App 5th Dist*

20. At page 7, line 27, the text is changed to state:

    attached herein as Plaintiff's Exhibit 4 and judicially noticed by Plaintiff, the website links follows:
    *http://edgar.sec.gov/Archives/edgar/data/1316264/0000905148 06000565/efc6-0074_5816196form1515d.txt*

21. At page 8, line 1, the paragraph number is changed to (14)

22. At page 8, line 1, delete "Further still" replace with

    "Furthermore"

23. At page 8, line 23, the paragraph number is changed to (15)

24. At page 9, line 4, text is changed to state:

> justice by willful violation of well settled law. *Wise v. Wells Fargo Bank, N.A.*, 850 F.Supp.2d 1047, 1053 (C.D. Cal. 2012)

25. At page 9, line 5, the paragraph number is changed to (16)

26. At page 9, lines 15-16, the text is changed to state:

> "The <u>Court has examined each of the exhibits</u> for which Defendants' request judicial notice and finds that each exhibit is suitable for judicial notice as a matter of public record whose accuracy is not reasonably in question."

27. At page 9 line 23, add case law reference: ***Wise v. Wells Fargo Bank, N.A.***, 850 F.Supp.2d 1047, 1053 (C.D. Cal. 2012)

28. At page 9, line 24, the paragraph number is changed to (17)

29. At page 10, line 2, the paragraph number is changed to (18)

30. At page 10, line 5-7, the text is changed to state:

> the same as Plaintiff has. In fact, Defendants' own **Exhibit E (Doc 7.1, pgs 38-39)** and Defendant BANA's (6) six letters to Plaintiff identified herein as Plaintiff's **Exhibits 5-10** impeach

31. At page 10, line 17, the paragraph number is changed to (19)

32. At page 10, line 17, the text is changed to state:

> Defendants' MOTION TO DISMISS (Doc 6) shows that it is signed by attorney:

33. At page 10, line 22, the paragraph number is changed to (20)

34. At page 10, line 26, add close paren " )" to end of sentence

35. At page 11, line 9, the paragraph number changes to (21)

36. At page 11, line 12-14, the text is changed to state:

   "As shown in detail below, Defendants' request for dismissal of each Complaint claim alleged is warranted, since all of the claims fail to state a plausible claim for relief."

37. At page 11, line 21, the text is changed to state:

   11 because she writes the following (Doc 6 pg 8:2-5):

38. At page 12, line 5, the text is changed to state:

**Exhibits 5-10**

39. At page 12, line 6, the paragraph number changes to (22)

40. At page 12, line 6-8, the text is changed to state:

   Plaintiff's Complaint alleges 7 additional violations by Defendants on page 13:2-27. Plaintiff's Complaint pg 14:4 alleges that Defendants have violated 15

41. At page 12, line 16, the paragraph number changes to (23)

42. At page 12, line 17, delete "debt collector" add "debt collectors"

43. At page 12, line 20, add end quote " to debt collectors

44. At page 12, line 23, the paragraph number changes to (24)

45. At page 12, line 23, delete "believe" add "believes"

46. At page 13, line 4, insert "alleged" before Deed of Trust

47. At page 13, line 5, the paragraph number changes to (25)

48. At page 13, line 5-15, the text is changed to state:

> But, the Defendants have always known that they are debt collectors under the Act's definition of that term and that they are indeed subject to the Act in this matter. No greater proof is needed than Defendant Recontrust's own **Exhibit E (Doc 7.1, pgs 38-39)** which clearly states:
>
>> "RECONTRUST COMPANY, N.A. is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose."
>
> and the six (6) letters mailed to Plaintiff through the U.S. Mail Service by said Defendant BANA which open and notoriously state the following on each letter:
>
>> "This communication is from Bank of America, N.A., the servicer of your home loan. Bank of America, NA is required by law to inform you that this communication is from a debt collector"
>
> A copy of each letter is attached herein as **Exhibits 5-10** for the court's consideration.

49. At page 13, line 16, the paragraph number changes to (26)

50. At page 13, line 22-25, the text is changed to state:

> that Plaintiff's Complaint is about FDCPA violations and not about a discontented or disillusioned debtor of some sort of alleged loan and/ or that Plaintiff is just trying to use this FDCPA Complaint to stall a foreclosure.

51. At page 13, line 26, the paragraph number changes to (27)

52. At page 14, line 5, the paragraph number changes to (28)

53. At page 14, line 5-7, the text is changed to state:

> Ms. Farrell in her motion (Doc 6) continues to resort to her favorite ploy, that is her obsession with some non-existent foreclosure. (Doc 6 pg 8:8-9)

54. At page 14, line 11, delete "Plaintiff" add "Plaintiff's"

55. At page 14, line 13, the paragraph number changes to (29)

56. At page 14, line 16, delete "his" add "Plaintiff's"

57. At page 14, line 17, delete "Complain" add "Complaint"

58. At page 14, line 18, add Haines v. Kerner, 404 U.S. 519 (1972)

59. At page 14, line 20, the paragraph number changes to (30)

60. At page 14, line 20, the text is changed to state:

> In the interest of justice, Plaintiff motions this Court to reconsider its Order to Dismiss Plaintiff's

61. At page 15, line 1, the paragraph number changes to (31)

62. At page 15, line 5, add reference "(Doc 6)"

63. At page 15, line 6, add paragraph number to this line (32)

64. At page 15, line 6-15, the text is changed to state:

> Plaintiff believes that some of the writings that Ms. Farrell has made in her Motion to Dismiss (Doc 6) Plaintiff's Complaint and its Memorandum of Points and Authorities are false and/ or cause the reader to believe that the debt collection activities in which Defendants have engaged are exempt from falling under the FDCPA. Plaintiff is persuaded to believe based upon Plaintiff's personal knowledge and belief as Plaintiff was prior informed and is now further informed, that Ms. Farrell's Motion to Dismiss

does not warrant a decision from the Court that Plaintiff's Complaint be dismissed, especially not with prejudice.

65. At page 15, line 16, add paragraph number to this line (33)

66. At page 15, line 21, the text is changed to state:

> There is nowhere in Plaintiff's complaint where it states that Plaintiff disputes Defendants' authority to

67. At page 15, line 25-27, the text is changed to state:

> influenced by what is cast by Ms. Farrell in her motion's writings (Doc 6 pg 6:18-21) where Ms. Farrell states:

68. At page 16, line 4, the paragraph number is changed to (34)

69. At page 16, line 4-6, the text is changed to state:

> It may seem Plaintiff is picking on Ms. Farrell in excess, but the problem lies as much with her as with her alleged clients, Defendants BANA and its cohorts Recontrust who are in fact

70. At page 16, line 14, the paragraph number is changed to (35)

71. At page 16, line 17, the text is changed to state:

> the same time get the court to believe that BANA purporting to be a loan servicer is excluded from the Act.

72. At page 16, line 21, delete "debt collector" add "debt collectors"

73. At page 16, line 27-28, the text is changed to state:

> and during time of filing of Form 15D, through years beyond said alleged DEFAULT DATE, was CWHLS, LP., not BANA, Recontrust or any other entity.

74. At page 17, line 1, the text is changed to state:

Ms. Farrell attempts her coup de gras where she writes (Doc 6 pg 6:25-26):

75. At page 17, line 5, the paragraph number is changed to (36)

76. At page 17, line 6-7, the text is changed to state:

> that Plaintiff just can't overcome. If we were stuck with false facts as Ms. Farrell and her Defendants

77. At page 17, line 12, the paragraph number is changed to (37)

78. At page 17, line 16, the text is changed to state:

> Master Servicer of that P&SA, it could not have done so for years after the alleged debt default of March 1, 2009. In fact as

79. At page 17, line 18-20, the text is changed to state:

> SEC for all intents and purposes. Now that seems like a threshold Defendants cannot overcome. It may be a big problem.

80. At page 17, line 21, the paragraph number is changed to (38)

81. At page 18, line 8, the paragraph number is changed to (39)

82. At page 18, line 12, delete "Exhibit 12" add "Exhibit 11"

83. At page 18, line 14, delete "1-5" add "5-10"

84. At page 18, line 22, the paragraph number is changed to (40)

85. At page 19, line 2, number paragraph (41) after "same."

86. At page 19, line 2, delete "make" add "makes"

87. At page 19, line 18, the paragraph number is changed to (42)

88. At page 20, line 2, add reference "(Exhibit 12)"

89. At page 20, line 4, the paragraph number is changed to (43)

90. At page 22, line 10, the paragraph number is changed to (44)

91. At page 22, line 14, delete "Exhibit D" add "Exhibit E (Doc 7.1, pgs 38-39)"

92. At page 22, line 15, delete "1-5" add "5-10"

93. At page 22, line 20, the paragraph number is changed to (45)

94. At page 22, line 24, the paragraph number is changed to (46)

95. At page 23, line 6, the text is changed to state:

   **date when payment was due under the alleged Deed of Trust was 03/01/2009. There is**

Date: March 10, 2014                                    Respectfully Submitted,

                                                        _____
                                                        Julio Mayen, Plaintiff