ROBERT J. GANDY (State Bar No. 225405)
rjg@severson.com
ELIZABETH C. FARRELL (State Bar No. 280056)
ecf@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

MARK JOSEPH KENNEY (State Bar No. 87345)
mjk@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
BANK OF AMERICA, N.A. and
RECONTRUST COMPANY, N.A.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO MAYEN,<br><br>     Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., and RECONTRUST COMPANY, N.A.,<br><br>     Defendants. | Case No. 3:13-02080-MMA-BGS<br>Hon. Michael M. Anello<br>Ctrm. 3A<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Date:   April 14, 2014<br>Time:  2:30 p.m.<br>Crtrm.: 3A<br><br>Action Filed:   September 5, 2013<br>Judg. Entered: January 7, 2014<br>Trial Date:     None Set |

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................1

II. STATEMENT OF FACTS ....................................................................................1

III. PROCEDURAL HISTORY ...................................................................................2

IV. LEGAL STANDARD............................................................................................3

V. PLAINTIFF'S MOTION SHOULD BE DENIED ...............................................3

    A. Plaintiff's Motion Does Not Comply With Civil Local Rule 7.1(i)(1)..................................................................................................4

    B. No New Facts Or Law Are Alleged ...........................................................5

        1. Prior Allegations .............................................................................5

        2. Plaintiff Offers No "New" Facts In Support Of His Motion ........6

    C. No "Clear Error" Is Identified ...................................................................7

    D. No New Law Is Identified ..........................................................................9

VI. PLAINTIFF SHOULD NOT BE GIVEN LEAVE TO AMEND UNDER RULE 15(a).............................................................................................10

VII. CONCLUSION.....................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*389 Orange St. Partners v. Arnold*,
 179 F.3d 656 (9th Cir. 1999) ............................................................. 3, 5, 9

*Allen v. City of Beverly Hills*,
 911 F.2d 367 (9th Cir. 1990) ....................................................................8

*Boza v. U.S. Bank Nat. Ass'n*,
 2013 WL 5943160 (C.D. Cal. Oct. 28, 2013) ........................................ 12

*Confederate Mem. Ass'n, Inc. v. Hines*
 995 F.2d 295 (DC Cir. 1993) .....................................................................9

*Dahnken v. Wells Fargo Bank, N.A.*,
 2013 WL 5979356 (N.D. Cal. Nov. 8, 2013) ......................................... 12

*Diunugala v. J.P. Morgan Chase Bank, N.A.*,
 2013 WL 5568737 (S.D. Cal. Oct. 3, 2013) ........................................... 12

*Esquivel v. Bank of Am., N.A.*,
 2:12-CV-02502-GEB, 2013 WL 682925 (E.D. Cal. Feb. 21, 2013) ................. 11

*Garfinkle v. JPMorgan Chase Bank*,
 C 11-01636 CW, 2011 WL 3157157 (N.D. Cal. July 26, 2011) ........................ 11

*Glaski v. Bank of America, N.A.*,
 218 Cal.App.4th 1079 (2013) ................................................................ 12

*Hinton v. Pacific Enterprises*,
 5 F.3d 391 (9th Cir. 1993) ................................................................ 3, 10

*Ines v. Countrywide Home Loans*,
 2008 WL 4791863 (S.D. Cal. 2008) ...................................................... 5, 8

*Kona Enterprises, Inc. v. Estate of Bishop*,
 229 F.3d 877 (9th Cir. 2000) .................................................................. 3, 6

*Lindauer v. Rogers*
 91 F.3d 1355 (9th Cir. 1996) .....................................................................3

*Long v. Satz*
  181 F.3d 1275 (11th Cir. 1999) ........................................................................ 9

*Newman v. Bank of N.Y. Mellon*,
  2013 WL 5603316 (E.D. Cal. Oct. 11, 2013) .................................................. 12

*School Dist. No. 1J, Multnomal County, Or. v. ACandS, Inc.*,
  5 F.3d 1255 (9th Cir. 1993) .............................................................................. 6

*Subramani v. Wells Fargo Bank N.A.*,
  2013 WL 5913789 (N.D. Cal. Oct. 31, 2013) .................................................. 12

*Vincent v. Trend Western Technical Corp.*,
  828 F.2d 563 (9th Cir. 1987) .......................................................................... 12

**STATUTES**

15 U.S.C.
  § 1692 ................................................................................................................ 1

**OTHER AUTHORITIES**

FED. R. CIV. PROC. 12(b)(6) ............................................................................. 2, 6

FED. R. CIV. PROC. 15(a) ................................................................................ passim

FED. R. CIV. PROC. 59(e) ........................................................................... 2, 3, 6, 7

Local Rule 7.1(i) ..................................................................................................... 3

Local Rule 7.1(i)(1) ......................................................................................... 3, 4, 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Julio Mayen ("Plaintiff") filed a Complaint against Bank of America, N.A. and ReconTrust Company, N.A. (collectively, "Defendants"), in which he claimed Defendants violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.* Plaintiff's entire Complaint, however, was premised upon an absence of evidence; namely, Defendants' failure to prove their right to foreclose and collect Plaintiff's Loan payments. But, Plaintiff's absence of evidence left his Complaint fatally defective. Defendants therefore filed a Motion to Dismiss the Complaint, which this Court granted with prejudice on January 7, 2014. Plaintiff then filed a Motion for Reconsideration, which seeks to have the Court reconsider its January 7, 2014 Order of dismissal. In light of the Motion's numerous procedural and substantive deficiencies, Defendants respectfully request that Plaintiff's Motion for Reconsideration be denied.

## II. STATEMENT OF FACTS

In December 2004, Plaintiff and Sarah Mayen purchased real property located at 15335 Castle Peak Lane, Jamul, California 91935 ("Property"). They financed the Property acquisition with a $1,088,000 purchase money loan from Countrywide Home Loans, Inc. ("Loan"). In exchange, Plaintiff and Sarah Mayen executed a deed of trust in favor of Countrywide, which encumbers the Property. *See* Dkt. #7-1, Ex. A. In June 2011, an assignment of deed of trust was recorded, naming "The Bank of New York Mellon fka The Bank of New York, as trustee for the certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2005-07, Mortgage Pass-Through Certificates, Series 2005-07" as assignee of the beneficial interest in the deed of trust. *See* Dkt. #7-1, Ex. B.

Shortly after purchasing the Property, Plaintiff defaulted on his Loan and foreclosure proceedings were commenced. Defendant ReconTrust was substituted as trustee in March 2012 (*see* Dkt. #7-1, Ex. C), and recorded a notice of default

(*see* Dkt. #7-1, Ex. D). As Plaintiff's default went uncured, a notices of trustee's sale was recorded on August 14, 2013. *See* Dkt. #7-1, Ex. E. However, as of January 2014, the notice of default was rescinded. *See* RJN Ex. A. There has been no subsequent foreclosure activity.

## III. PROCEDURAL HISTORY

On September 5, 2013, Plaintiff filed this action against Defendants, asserting FDCPA and fraud in the factum claims. *See* Dkt. #1. Defendants filed a Motion to Dismiss pursuant to FRCP 12(b)(6), on the grounds that the Complaint failed to state a plausible claim. *See* Dkt. #6. Specifically, Defendants asserted that the purported FDCPA violations were not clearly identified, the FDCPA does not apply to foreclosure activity, and that Plaintiff failed to establish Defendants were "debt collectors" as defined by the statute. Plaintiff filed an Opposition, in which he withdrew the fraud in the factum claim and requested leave to amend. *See* Dkt. #13. Plaintiff's Opposition also reiterates the basis of his FDCPA claim: Defendants failed to prove their relationship to the Loan. Defendants subsequently filed a Reply in support of the Motion to Dismiss. *See* Dkt. #14. And on January 7, 2014, the Court issued an Order granting Defendants' Motion and dismissing Plaintiff's FDCPA claims with prejudice ("January 7, 2014 Order"). *See* Dkt. #16. A Clerk's Judgment was entered on January 7, 2014. *See* Dkt. #17.

On February 5, 2014, Plaintiff filed a Motion for Reconsideration, which seeks reconsideration of this Court's January 7, 2014 Order. *See* Dkt. #19. The Motion was deemed filed as of February 4, 2014, which is 28-days from the date of the entry of judgment. *See* FED. R. CIV. PROC. 59(e). On March 11, 2014, Plaintiff filed a Corrected Memorandum of Points and Authorities to support his request for reconsideration. *See* Dkt. #21. The Corrected Memorandum was deemed filed as of March 10, 2014, and was accompanied by an amended Request for Judicial Notice and twelve (12) exhibits.

## IV. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a district court to reconsider and amend a previous order. "[T]he rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Indeed, "[u]nder Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). But "[a] Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). However, a motion for reconsideration that asserts new matter outside the pleadings may be considered under Rule 15(a). But the motion must include grounds for leave to amend under that Rule. *See Hinton v. Pacific Enterprises*, 5 F.3d 391, 395 (9th Cir. 1993); *see also Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996).

In the United States District Court for the Southern District of California, motions for reconsideration are also governed by Local Rule 7.1(i), which requires the moving party to identify "what new or different facts and circumstances are claimed to exist which did not exist, or which were not shown, upon such prior application." *See* CIV. L.R. 7.1(i)(1).

## V. PLAINTIFF'S MOTION SHOULD BE DENIED

Plaintiff's Motion for Reconsideration should be denied because it fails to clearly comply with Civil Local Rule 7.1(i)(1). Moreover, Plaintiff offers no new facts or law, and fails to show that the Court committed clear error in ruling on Defendants' Motion to Dismiss. *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) ("[u]nder Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is

presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."). Thus, for the reasons set forth in more detail below, Plaintiff's Motion should be denied.

### A. Plaintiff's Motion Does Not Comply With Civil Local Rule 7.1(i)(1)

First, Plaintiff's Motion should be denied because it fails to comply with Civil Local Rule 7.1(i)(1), which provides as follows:

> Whenever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part, or has been granted conditionally or on terms, and a subsequent motion or application or petition is made for the same relief in whole or in part upon the same or any alleged different state of facts, it will be the continuing duty of each party and attorney seeking such relief to present to the judge to whom any subsequent application is made **an affidavit of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior application**, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application.

CIV. L. R. 7.1(i)(1) (emphasis added).

On February 5, 2014, Plaintiff filed his Motion for Reconsideration, which was accompanied by a Request for Judicial Notice and an Affidavit. *See* Dkt. #19. However, Plaintiff's Affidavit fails to clearly identify the ruling at issue,[1] or state any new facts and circumstances warranting reconsideration of the Order at issue. Accordingly, the Motion for Reconsideration fails to comply with Civil Local Rule 7.1(i)(1). Instead, all that is alleged in the Motion for Reconsideration is speculation

---

[1] The Memorandum of Points and Authorities does make clear that Plaintiff seeks reconsideration of the ruling on Defendants' Motion to Dismiss. *See* Dkt. #19.

as to a conflict of interest, based upon Plaintiff's assertion that Counsel for Defendants was "some sort of protégé" of The Honorable Michael M. Anello. *See* Dkt. #19-3. But, as the Court has not identified any conflict, Plaintiff's speculation does not constitute "new or different" facts and circumstances that warrant reconsideration. Additionally, when Plaintiff filed a "corrected" Motion for Reconsideration on March 11, 2014, he failed to include an affidavit, or any corrections to the previously filed Affidavit. Plaintiff's Motion for Reconsideration thus fails to comply with Civil Local Rule 7.1(i)(1), and Defendants therefore request that the Motion be denied.

**B.     No New Facts Or Law Are Alleged**

Even assuming the Court finds Plaintiff complied with Civil Local Rule 7.1(i)(1), the Motion for Reconsideration should still be denied because there are no **new** facts that warrant reconsideration of the January 7, 2014 Order. *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

**1.     Prior Allegations**

The Complaint asserts Defendants violated the FDCPA by making "demands for payments" they had no authority to make, and improperly initiating foreclosure proceedings against the Property. *See* Dkt. #1 at 4:11-20. However, Plaintiff failed to satisfy his pleading burden. Specifically, he failed to articulate how Defendants are "debt collectors," such that they are subject to the FDCPA, or allege what debt collection activity was at issue and when it allegedly occurred. *See* Dkt. #1. And Plaintiff failed to distinguish case law holding that the activity of foreclosing upon a property does not constitute debt collection under the FDCPA. *See Ines v. Countrywide Home Loans*, 2008 WL 4791863, *2 (S.D. Cal. 2008). Instead, Plaintiff sought to make Defendants "prove their position," *i.e.*, their authority to collect Plaintiff's Loan payments and foreclose. *See* Dkt. #1 at 5:3-15, 6:5-8:26.

Defendants' Motion to Dismiss addressed the foregoing pleading defects.[2] And pursuant to Rule 12(b)(6), Defendants were entitled to bring the Motion to Dismiss to challenge the legal sufficiency of Plaintiff's Complaint. *See* FED. R. CIV. PROC. 12(b)(6).

### 2. Plaintiff Offers No "New" Facts In Support Of His Motion

In the Motion for Reconsideration, Plaintiff attempts to expand upon his FDCPA claims with additional facts and documents, including a Request for Judicial Notice with twelve (12) exhibits. *See* Dkt. #21 ¶¶9, 13, 18, 39, 42; Dkt. #21-4; Dkt. #21-5; Dkt. #21-6; Dkt. #21-7; Dkt. #21-8. However, Plaintiff's Motion should be denied because the additional facts offered are not, in fact, new.

First and foremost, the documents included with Plaintiff's Request for Judicial notice appear to have been available to Plaintiff before his Opposition to Defendants' Motion to Dismiss was filed, and some were available even before the Complaint was filed. *See* Dkt. #21-5; Dkt. #21-5; Dkt. #21-6; Dkt. #21-7; Dkt. #21-8 Exs. 4-10. Yet, Plaintiff did not previously reference or address them, despite the fact that Defendants filed a Motion to Dismiss challenging the sufficiency of Plaintiff's FDCPA claims. And Plaintiff's "failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'" *School Dist. No. 1J, Multnomal County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (finding a court's refusal to consider late-filed documents "may have been harsh" but did was not an abuse of discretion.); *see also Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

---

[2] Defendants were only obligated to consider the legal sufficiency of the pleadings before them. They were not, as Plaintiff suggests, under an obligation to correct, investigate, or attest to the validity of Plaintiff's claims. *See* Dkt. #21 ¶¶14, 26.

1  Thus, Plaintiff's Request for Judicial Notice does not provide any "newly
2  discovered evidence," which is required for reconsideration under Rule 59(e).
3        Plaintiff also challenges the January 7, 2014 Order by questioning the Court's
4  partiality. *See* Dkt. #21 ¶¶39-46. Specifically, Plaintiff suggests the Court "may"
5  have a conflict of interest, as counsel for Defendants served as a judicial extern to
6  The Honorable Michael M. Anello while in law school. *See* Dkt. #21 ¶¶42-43.
7  Plaintiff further asserts that, if there was such a conflict, it should have been
8  disclosed. *See* Dkt. #21 ¶¶42-43. Again, this concern could have been raised prior
9  to the January 7, 2014 Order. Further, because the Court did not disclose any
10 conflict, and did not disqualify itself from the case, there are no actual or "new"
11 facts establishing the existence of a conflict—of which the Court was aware—at the
12 time the ruling on Defendants' Motion to Dismiss was issued.[3] Instead, all that is
13 alleged is pure speculation. And pure speculation cannot constitute the "newly
14 discovered evidence" required for seeking reconsideration of a ruling under Rule
15 59(e).
16       Thus, Plaintiff does not offer any newly discovered facts or evidence. As
17 such, he has no basis for seeking reconsideration on these grounds pursuant to Rule
18 59(e). Accordingly, the Motion should be denied.

**C. No "Clear Error" Is Identified**

20       In addition to the foregoing, Plaintiff's Motion should be denied because
21 there is no indication that the Court's ruling, dismissing the Complaint with
22 prejudice, constitutes clear error. The following five factors bear on whether a

---

[3] Moreover, it is unlikely the Court was aware of any conflict, as counsel for Defendants' externship was over three years ago, and her last name changed (through marriage) after her externship with the Court ended. And there is no indication that counsel's externship was brought to the Court's attention during the pendency of the litigation. Thus, Plaintiff's attacks on the Court appear to be completely unfounded.

district court abuses its discretion in dismissing a complaint without allowing leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.1990) (citation omitted). Here, the apparent futility of amendment at the time the January 7, 2014 Order was issued suggests the Court did not commit clear error in granting Defendants' Motion with prejudice.

As noted above, Plaintiff's Complaint asserts that Defendants threatened to non-judicially foreclose[4] upon the Property, in violation of the FDCPA. *See* Dkt. #1 at 13:22-27. But foreclosure activity does not constitute debt collection under the FDCPA. *See Ines v. Countrywide Home Loans,* 2008 WL 4791863, *2 (S.D. Cal. 2008). Thus, to the extent Plaintiff's FDCPA allegations pertain to the wrongful initiation of foreclosure proceedings, permitting leave to allege an FDCPA claim would have been futile.

Plaintiff's FDCPA claims are also based upon his belief that Defendants have no interest in the subject Loan and, therefore, have no right to make "demands for payment." *See, e.g.*, Dkt. #1 at 11-16. However, Plaintiff's Complaint and Opposition set forth no factual or legal basis for challenging Defendants' interest in the Loan. Instead, Plaintiff sought to shift the burden to Defendants to prove their interest in the Loan. *See* Dkt. #1 2:26-4:22 5:19-8:26. Thus, Plaintiff failed to plausibly allege or suggest that Defendants were improperly seeking to collect a debt, in violation of the FDCPA—even after this defect was raised in Defendants'

---

[4] The judicially noticeable documents establish that foreclosure proceedings were commenced against the Property. However, Plaintiff asserts his FDCPA claims do not relate to "any foreclosure." This statement appears to derive from Plaintiff's belief that there is no valid foreclosure, as Defendants have not proven their authority to foreclose. *See* Dkt. #21 ¶¶27-28.

Motion to Dismiss. Thus, the Complaint and Opposition failed to set forth the indicia of a plausible claim.

More importantly, however, Plaintiff gave no indication that he could amend to state a plausible claim. Instead, in his Opposition, Plaintiff stated as follows: "If Plaintiff's complaint is found to be deficient, **Plaintiff respectfully requests the court['s] instructions of how [the] pleadings are deficient and how to repair them and allow 45 days to correct [the] defects**...." *See* Dkt. #13 at 5:14-18 (emphasis added). This in no way suggests that Plaintiff could amend to correct any deficiencies in the Complaint. *See Confederate Mem. Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (DC Cir. 1993) (finding that a request for leave to amend "in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought ... —does not constitute a motion within the contemplation of Rule 15(a)."); *see also Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (finding that parties should not be allowed to amend a complaint without showing how the complaint could be amended to save the meritless claims). As Plaintiff gave no indication that leave to amend would be anything other than an exercise in futility, it appears leave to amend was properly declined. Thus, it cannot be said that the Court committed "clear error" by granting Defendants' Motion to Dismiss, with prejudice. Accordingly, Plaintiff has no basis for seeking reconsideration on these grounds.

**D.   No New Law Is Identified**

As noted above, reconsideration is appropriate if a court "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). As demonstrated above, Plaintiff fails to present newly discovered evidence, or explain how the Court committed clear error in granting Defendants' Motion to Dismiss with prejudice. Moreover, Plaintiff fails to assert that there has been an intervening change in the controlling law. *See* Dkt. #21.

Plaintiff thus fails to establish that it would be appropriate for the Court to grant the Motion for Reconsideration on these grounds and Plaintiff's Motion should therefore be denied.

## VI. PLAINTIFF SHOULD NOT BE GIVEN LEAVE TO AMEND UNDER RULE 15(a)

A motion for reconsideration that asserts new matter outside the pleadings may be considered under Rule 15(a). *See Hinton v. Pacific Enterprises*, 5 F3d 391, 395 (9th Cir. 1993). And as noted above, Plaintiff appears to request leave to amend the Complaint, based upon the "new" facts cited in his Motion for Reconsideration. However, these purported new facts demonstrate that allowing leave to amend would be futile. Thus, to the extent the Court considers Plaintiff's Motion for Reconsideration under to Rule 15(a), leave to amend should be denied.

In its January 7, 2014 Order, the Court found that Plaintiff failed to state an FDCPA claim because "[n]either defendant…qualifies as a 'debt collector' within the meaning of the FDCPA. Nor do the nonjudicial foreclosure proceedings…fall within the FDCPA's meaning of 'debt collection.'" *See* Dkt. #16 at 5:4-9. The January 7, 2014 Order also notes that, under the FDCPA, "'a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.' (citation)." *See* Dkt. #16 at 4:11-18.

Plaintiff now asserts he fell into default under the subject Loan on March 1, 2009, and that there is no indication that Bank of America was the Loan servicer prior to the date of default. *See* Dkt. #21 ¶¶11-12, 17. Thus, Bank of America must be a debt collector as defined by the FDCPA. Plaintiff's conclusion is derived from the judicially noticeable documents, which demonstrate that the "master servicer" of Plaintiff's Loan when it originated was Countrywide Home Loans Servicing, LP. *See* Dkt. #21 ¶¶8-12, 35. Plaintiff further asserts that Countrywide was the master servicer until at least the date of his default—because there is "no evidence that the

Master Servicer was changed" prior to this date. *See* Dkt. #21 ¶12.

The foregoing in fact establishes that Bank of America had an interest in the Loan prior to the date of default and, therefore, cannot be a "debt collector" as defined by the FDCPA. First, Plaintiff admits that Countrywide Home Loans Servicing, LP was the "master servicer" when the Loan originated. *See* Dkt. #21 ¶¶8-9. Second, Plaintiff admits that Countrywide changed its name in 2009 to BAC Home Loans Servicing, LP. *See* Dkt. #21 ¶¶8-9; Dkt. #21-8, Ex. 3. And third, Plaintiff's own RJN and Exhibit 3 state that BAC Home Loans Servicing "was acquired by Bank of America, National Association." *See* Dkt. #21-8, Ex. 3; *see also* Ex. 21-2 at p.6. Therefore, there is no distinction between Countrywide and Bank of America. Indeed, as a result of the acquisition of BAC, Bank of America acquired an interest in the subject Loan as of the date of its predecessor, Countrywide, which was prior to the date of default. *See Esquivel v. Bank of Am., N.A.*, 2:12-CV-02502-GEB, 2013 WL 682925 (E.D. Cal. Feb. 21, 2013) ("Therefore, since Bank of America, N.A. "obtained" the debt when its predecessor in interest, BAC Home Loans Servicing, LP, obtained the debt, neither Defendant is a 'debt collector' under the FDCPA. (citation omitted)."); *see also Reade v. CitiMortgage, Inc.*, 13CV404 L WVG, 2013 WL 5964611 (S.D. Cal. Nov. 7, 2013). Thus, Bank of America cannot be considered a debt collector under the FDCPA, and Plaintiff cannot amend his Complaint to allege otherwise. Therefore, it would be futile to allow Plaintiff leave to allege an FDCPA claim against Bank of America.

Additionally, Plaintiff cites no factual or legal basis for seeking leave to allege an FDCPA claim against ReconTrust. In his Motion, Plaintiff cites to a notice of trustee's sale—recorded after the date of default—as "proof" that ReconTrust is a debt collector as defined by the FDCPA. *See* Dkt. #21 ¶¶14, 25; *see also* Dkt. #7-1, Ex. E. But "giving notice of a foreclosure sale to a consumer does not constitute debt collection activity under the FDCPA." *Garfinkle v. JPMorgan Chase Bank*, C 11-01636 CW, 2011 WL 3157157 (N.D. Cal. July 26, 2011). Plaintiff does not any

1 | law establishing the contrary. And there is no indication that ReconTrust engaged in
2 | any other purported "debt collection" activity. Therefore, Plaintiff fails to establish
3 | that, if given leave to amend, he could allege an FDCPA claim against ReconTrust.
4 |     Plaintiff's Motion could also be construed as seeking leave to amend to set
5 | forth new legal theories, including the "belated transfer theory." *See* Dkt. #21 ¶13.
6 | Specifically, for the first time in his Motion for Reconsideration, Plaintiff challenges
7 | an assignment of the subject deed of trust based upon *Glaski v. Bank of America,*
8 | *N.A.*, 218 Cal.App.4th 1079 (2013), a highly criticized California appellate case.
9 | *See, e.g., Dahnken v. Wells Fargo Bank, N.A.*, 2013 WL 5979356 (N.D. Cal. Nov. 8,
10 | 2013); *Subramani v. Wells Fargo Bank N.A.*, 2013 WL 5913789 (N.D. Cal. Oct. 31,
11 | 2013); *Boza v. U.S. Bank Nat. Ass'n*, 2013 WL 5943160 (C.D. Cal. Oct. 28, 2013);
12 | *Newman v. Bank of N.Y. Mellon*, 2013 WL 5603316, at *3 n.2 (E.D. Cal. Oct. 11,
13 | 2013); *Diunugala v. J.P. Morgan Chase Bank, N.A.*, 2013 WL 5568737, at *8 (S.D.
14 | Cal. Oct. 3, 2013). But Plaintiff's *Glaski* allegations do not and cannot rectify the
15 | defects with Plaintiff's FDCPA claims. Moreover, the *Glaski* decision was rendered
16 | **before** Plaintiff filed his Complaint. And Plaintiff gives no explanation as to why
17 | he failed to previously set forth this legal theory or "fully develop his contentions
18 | originally." *Vincent v. Trend Western Technical Corp.*, 828 F.2d 563, 570–71 (9th
19 | Cir. 1987). In the absence of this explanation, it would be proper for the Court to
20 | deny Plaintiff leave to amend to attempt to develop this legally baseless theory.
21 |     For these reasons, it would be futile to grant Plaintiff leave to amend pursuant
22 | to Rule 15(a).
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

## VII. CONCLUSION

For the reasons set forth above, Defendants request that the Court deny Plaintiff's Motion for Reconsideration, and deny any request for leave to amend pursuant to Rule 15(a).

DATED: March 19, 2014

SEVERSON & WERSON
A Professional Corporation

By:    */s/ Elizabeth C. Farrell*
          Elizabeth C. Farrell

Attorneys for Defendants BANK OF AMERICA, N.A. and RECONTRUST COMPANY, N.A.