Julio Mayen
15335 Castle Peak Lane
Jamul, CA 91935

14 MAY -7 PM 4:30

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

# UNITED STATES DISTRICT COURT FOR THE

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO MAYEN<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, NA, and RECON TRUST COMPANY, NA<br><br>Defendant. | Case no.   13-cv-2080-MMA-BGS<br><br>**PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR RECONSIDERATION**<br><br>Date: April 14, 2014 (vacated, no new hearing date issued)<br>Time: 2:30 pm<br>Place: Courtroom 3A<br>Hon. Judge: Michael M. Anello<br>Action Filed: September 5, 2013<br>Judgment Entered: January 7, 2014<br>Trial Date: None Set |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff seeks reconsideration of the Court's order dismissing his complaint without leave to amend. The primary basis for reconsideration is the Court's failure to grant leave to amend. Courts should grant a party leave to amend whenever "justice so requires," Fed.R.Civ.P. 15(a) (2), and requests for leave should be granted with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir.2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.1990)). "'Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.'" *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir.2002) (quoting *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir.1991).

Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *See All Hawaii Tours, Corp. v. Polynesian Cultural Center*, 116 F.R.D. 645, 648 (D.Hawaii 1987), rev'd on other grounds, 855 F.2d 860 (9th Cir.1988). Here, Plaintiff seeks reconsideration on the ground that the ruling was clearly erroneous.

Defendants contend that Plaintiff's motion for reconsideration improperly relies on new evidence that should have been cited and included with the complaint, but this argument misses the mark. At the pleading stage, the facts alleged in a complaint are accepted as true. *Enesco Corp. v. Price/Costco, Inc.*, 146 F.3d 1083, 1085 (9th Cir.1998). To the extent that an opposition to a motion to dismiss or motion for reconsideration alleges new facts on the grounds that leave to amend should have been granted, the newly alleged facts are properly considered as allegations that would be included in an amended complaint and not admissible evidence. *Orthmann v. Apple River Campground, Inc.*, 757 F. 2d 909, 914-915 (7th Cir. 1985) (in attacking the granting a motion to dismiss without leave to amend, the plaintiff is free to include new material on appeal to show what would have been alleged is leave to amend had been granted.)

## II. THE COURT SHOULD HAVE GRANTED LEAVE TO AMEND

When a court grants a motion to dismiss under Rule 12(b) (6), In general, a court should liberally allow a party to amend its pleading. *See* Fed.R.Civ.P. 15(a); *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001) ("A district court shall grant leave to amend freely when justice so requires," and "this policy is to be applied with extreme liberality.")(internal quotation marks and citations omitted). Courts may decline to grant leave to

amend only if there is strong evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   THE ACTIONS TAKEN IN THE PROCESS OF FORECLOSING CAN POTENTIALLY CONSTITUTE DEBT COLLECTION ACTIVITIES

The defendants erroneously contend that actions taken in the process of foreclosure activity do not constitute debt collection. While there are trial court decisions holding that opinion, the Ninth Circuit has not addressed the issue; all the other circuits that have considered the issue have held that mortgage foreclosing constituted debt collection within the meaning of the Fair Debt Collection Act ("FDCA").

In *Glazer v. Chase Home Finance LLC*, 704 F.3d 453 (6th Cir. 2013), the Sixth Circuit reasoned that conduct qualifies as debt collection "if a purpose of [that] activity taken in relation to a debt is to `obtain payment.'" *Id.* at 461 (citing Black's Law Dictionary 263 (6th Ed. 1990); *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995)). The court held that mortgage foreclosure falls within the scope of this definition because "every mortgage foreclosure, judicial or otherwise, is undertaken for the very purpose of obtaining payment on the underlying debt,

either by persuasion (i.e., forcing a settlement) or compulsion (i.e., obtaining a judgment of foreclosure, selling the home at auction, and applying the proceeds from the sale to pay down the outstanding debt)." *Id.* The court also noted that remedies that are available in some foreclosures—redemption rights, and deficiency judgments—"demonstrate that the purpose of the foreclosure is to obtain payment on the underlying home loan." *Id.* Thus, concluded the court, a person principally engaged in mortgage foreclosure falls within the Act's definition of debt collector. *Id.*; see also *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 378 (4th Cir. 2006) (holding that the defendants' "foreclosure action was an attempt to collect a 'debt'" within the meaning of the FDCPA); *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 234 (3d Cir. 2005) (holding that communications made to collect a debt are covered by the FDCPA even if the debt is secured).

Indeed, even trial court opinions that have held that mortgage foreclosure does not constitute debt collection within the meaning of the FDCPA have held that when a foreclosing entity takes actions outside traditional foreclosure activity, such acts constitute debt collection coming within the restrictions of the FDCPA. In *Natividad v. Wells Fargo Bank, NA*, Case No. 3:12-cv-03646 JSC (May 24, 2013), the court declines to follow *Glazer*, but nevertheless held that a loan servicer may violate the FDCPA if communications that go beyond those required to process a non-judicial foreclosure are subject to the FDCPA.

As the *Natividad* court states:

> [P]ersons who regularly or principally engage in communications with debtors concerning their default that go beyond the statutorily mandated communications required for foreclosure may be considered debt collectors. *See Harvey G. Ottovich Revocable Living Trust Dated May 12, 2006 v. Wash. Mut., Inc.*, 2010 WL 3769459, at *4 (N.D. Cal. Sept. 22, 2010) (denying motion to dismiss FDCPA claim where defendants' behavior "goes beyond mere foreclosure proceedings, as plaintiffs alleged that defendants repeatedly obfuscated the truth with regard to the loan amounts and payments"); *Wilson*, 443 F.3d at 376-77 (finding FDCPA applicable where law firm-defendant sent multiple correspondences to plaintiff that included the warning that the correspondence was an "attempt to collect a debt"); *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1217 (11th Cir. 2012) (holding defendant liable under the Act where defendant sent a letter to plaintiff stating that the "Lender hereby demands full and immediate payment of all amounts due," and that "unless you pay all amounts due and owing under the Note," attorney's fees "will be added to the total amount for which collection is sought"); *Piper*, 396 F.3d at 230 (rejecting defendant's argument that it was not subject to the FDCPA because it was simply enforcing a lien where defendant wrote six letters demanding payment of the balance due and "made a number of telephone calls to the Piper residence in an effort to secure payment of the delinquent water service fees").

*Natividad*, slip op, at 6.

Here, the complaint alleges that Bank of America was acting on behalf of a securitized trust that did not own rights under the note and deed of trust that it was attempting to enforce. These acts would certainly be beyond the scope of traditional mortgage foreclosing activities. At a minimum, Plaintiff should be given leave to amend to be given the opportunity to plead facts that constitute debt collection activity within the meaning of the FDCA.

## IV. THE MOTION FOR RECONSIDERATION DOES NOT IMPERSIBLY SEEK TO INTRODUCE NEW FACTS

Defendants erroneously contend that Plaintiff seeks to introduce new facts in its motion for reconsideration. When the issue is whether a court erred by not granting leave to amend, new matter referred to in challenging the denial of leave to amend, is properly considered to show what the Plaintiff would contend in an amended pleading. *Orthmann v. Apple River Campground, Inc.*, 757 F. 2d 909, 914-915 (7th Cir. 1985) (Judge Posner).

In *Orthman*, the trial court granted a Rule 12(b) (6) motion without leave to amend and the plaintiff appealed to the Seventh Circuit. On appeal, the plaintiff/appellant included with his appellate brief evidence that was not presented in the trial court and even some evidence created after the trial court's ruling granting a motion to dismiss without leave to amend. The respondent on appeal

argued that this new "evidence" should be disregarded, but the court disagreed, holding that the new evidence is properly considered to show what the appellant would have alleged in an amended pleading.

As *Orthman* states:

> [T]hese materials are no part of the official record before us on this appeal. *See* Fed.R.App.P. 10(a), 30(a); 7th Cir. R. 12(a). But bearing in mind that dismissal under Rule 12(b) (6) is proper only if the allegations of the complaint make clear that the plaintiff cannot state a claim, Orthmann was free on this appeal to give us an unsubstantiated version of the events of July 19, 1980 — provided it was not inconsistent with the allegations of the complaint — in order to show that the complaint should not have been dismissed on its face. It can make no difference that he went further and (unnecessarily) tried to prove some of those allegations in the appendix to his brief. The materials in his appendix have no standing as evidence but are usable to show how the accident might have happened.

*Orthman*, at 914-915.

Here, the new matter alleged in the motion for reconsideration is properly considered to show what Plaintiff would allege should he be given leave to amend.

## V. CONCLUSION

For all the reasons set forth above and otherwise understood, the Court ruling granting the motion to dismiss without leave to amend should be reconsidered and reversed. Plaintiff should be given leave to amend to file a first amended complaint.

Date: May 7, 2014

Respectfully Submitted

_____
Julio Mayen

## PROOF OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on May 7, 2014, via USPS Certified Mail to Defendant's Counsel of record: Elizabeth C. Farrell at the following address, Severson & Werson, 19100 Von Karman Avenue, Suite 700, Irvine, Ca 92612

Dated: May 7, 2014

_____
Julio Mayen, Plaintiff