# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| JULIO MAYEN, | CASE NO. 13cv2080-MMA (BGS) |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| vs. | |
| BANK OF AMERICA, N.A., et al, | [Doc. No. 19] |
| Defendant. | |

Plaintiff Julio Mayen, proceeding *pro se*, moves the Court to reconsider its order and judgment of dismissal in this action. Defendants Bank of America, N.A., and Recontrust Company, N.A., oppose the motion. For the reasons set forth below, the Court **DENIES** Plaintiff's motion for reconsideration.

## BACKGROUND

In 2004, Plaintiff Julio Mayen and his wife Sarah financed their home in Jamul, California, with a $1,088,000 purchase money loan from Countrywide Home Loans. Plaintiff defaulted on the loan by failing to pay the installment of principal and interest which came due on March 1, 2009, and all subsequent installments. *See* Doc. No. 7 at 34. On March 20, 2012, a Notice of Default was recorded, advising Plaintiff that unless he remitted an amount of $249,461.92 to reinstate his account, his property would be sold. *Id.* at 33.

Plaintiff filed this lawsuit on September 5, 2013. *See* Doc. No. 1. The gravamen of Plaintiff's complaint is that Defendants have neither the right nor the

1  authority to affect foreclosure on his property. Plaintiff demands proof that
2  Defendants are the "true holder" of his debt. Based on these allegations, Plaintiff
3  brings several claims under the Fair Debt Collection Practices Act ("FDCPA"), 15
4  U.S.C. §1692, *et seq*.

5  Defendants filed a motion to dismiss Plaintiff's claims under Federal Rule of
6  Civil Procedure 12(b)(6). The Court found that because Defendants are not "debt
7  collectors" as that term is defined by the FDCPA, Plaintiff's claims failed. The
8  Court denied Plaintiff leave to amend his claims based on futility.

9  Plaintiff now moves for reconsideration of the Court's order and judgment of
10  dismissal. Plaintiff argues that Defendants are "debt collectors" and liable for their
11  wrongful actions under the FDCPA. Plaintiff also asserts that the Court erred by
12  denying him leave to amend his claims.

13  **LEGAL STANDARD**

14  Federal Rule of Civil Procedure 59(e) provides that a court may alter or
15  amend a judgment. *See* Fed. R. Civ. P. 59(e). Ninth Circuit case law recognizes that
16  motions brought pursuant to Rule 59(e) are motions for reconsideration by the court
17  of a previously entered judgment or order. *See 389 Orange Street Partners v.*
18  *Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (explicitly stating a Rule 59(e) motion is a
19  "motion for reconsideration"). A motion to reconsider a judgment under Rule 59(e)
20  seeks "a substantive change of mind by the court." *Tripati v. Henman*, 845 F.2d
21  205, 205 (9th Cir. 1988). Rule 59(e) is an extraordinary remedy and, in the interest
22  of finality and conservation of judicial resources, should not be granted absent
23  highly unusual circumstances. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir.
24  2003); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Rule 59 may
25  not be used to relitigate old matters, raise new arguments, or present evidence that
26  could have been raised prior to entry of the judgment. *Exxon Shipping Co. v. Baker*,
27  544 U.S. 471, 486-87 (2008).

28  Under Rule 59(e), it is appropriate to alter or amend a judgment if "(1) the

district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). To carry the burden of proof, a moving party seeking reconsideration must show more than a disagreement with the Court's decision or a recapitulation of the cases and arguments previously considered by the court. *See United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

## DISCUSSION

Plaintiff argues that the Court clearly erred by finding that Defendants are not "debt collectors" and therefore not subject to the provisions of the FDCPA. The FDCPA defines "debt collector" as: (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," and (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

The FDCPA specifically excludes from the definition of "debt collector" the "originator" of the debt the person is trying to collect. 15 U.S.C. § 1692a(6)(F)(ii); *De Dios v. Int'l Realty & RC Invs.*, 641 F.3d 1071, 1074 (9th Cir. 2011) ("the person who originated the debt, such as a creditor to whom the debt was originally owed, is not considered a debt collector"). Plaintiff financed the purchase of his home through Countrywide Home Loans. At that time, Countrywide Home Loans was a wholly-owned subsidiary of Countrywide Financial. On July 1, 2008, Countrywide Financial merged with Bank of America. Bank of America became the successor-in-interest to Countrywide and thus assumed all of its rights and liabilities. Defendant BANA is a federally chartered bank and Bank of America's principal banking subsidiary. Together with Bank of America, Defendant BANA became a successor-in-interest to Countrywide and has "stepped into the shoes" of

Countrywide as the originator of the mortgage loan and creditor to whom Plaintiff owes his debt. Defendant BANA is therefore categorically excluded from the FDCPA's definition of "debt collector" and Plaintiff's claims against BANA cannot lie.

Furthermore, non-judicial foreclosure proceedings do not fall within the purview of the FDCPA. *See Izenberg v. ETS Servs., LLC*, 589 F.Supp. 2d 1193, 1199 (C.D. Cal. 2008); *Hulse v. Ocwen Fed. Bank, FSB*, 195 F.Supp. 2d 1188, 1204 (D. Or. 2002). Here, Plaintiff's property is being foreclosed upon pursuant to a deed of trust. Defendant Recontrust, as trustee under the deed of trust, was authorized to initiate foreclosure. Courts in this Circuit agree that non-judicial foreclosure is not "debt collection." *See, e.g., Natividad v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 74067, 2013 WL 2299601, at *5-*9 (N.D. Cal. May 24, 2013); *Ligon v. JP Morgan Chase Bank*, 2011 U.S. Dist. LEXIS 68839, 2011 WL 2550836, at *3 (N.D. Cal. June 27, 2011) (collecting cases). Plaintiff's FDCPA claims against Recontrust fail on this basis.

In his reply brief, Plaintiff asserts that he seeks reconsideration primarily on the grounds that the Court erred by denying leave to amend his claims. However, the Court dismissed his claims because they are legally untenable. Leave to amend may be denied where "it is clear that the complaint could not be saved by any amendment." *Sylvia Landfield Trust v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013). The Court previously considered whether additional factual allegations could remedy the deficiencies and correctly determined that each dismissed claim relied on legal theories that have been resoundingly and repeatedly rejected by the courts in this Circuit. As no additional factual allegations could have cured Plaintiff's claims because they were legally flawed, the claims were properly dismissed with prejudice.

Finally, Plaintiff criticizes both the Court and defense counsel in his moving papers. He accuses defense counsel of violating Federal Rule of Civil Procedure 11

1 for making untrue statements and failing to vet the documents included in
2 Defendant's Request for Judicial Notice.  However, the record of this action clearly
3 reflects that defense counsel has abided by rules of this Court, the ethics of her
4 profession, and the Federal Rules of Civil Procedure.  Plaintiff accuses the Court of
5 bias and ineptitude.  Plaintiff's accusations are so lacking in merit as to approach
6 speciousness and will not be further addressed.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's motion for reconsideration.

**IT IS SO ORDERED**.

DATED: June 20, 2014

Hon. Michael M. Anello
United States District Judge